## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JON HISD-MT DOE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-4539 |
| | § | |
| LORI LOUISE LAMBROPOULOS *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a motion to dismiss filed by Houston Independent School District ("HISD"), Ms. Lori Louise Lambropoulos, and Ms. Lysondra Gernand West (collectively, "Defendants"). Dkt. 3. Plaintiff Jon HISD-MT Doe ("Doe") did not respond to the motion. Having considered the motion to dismiss (Dkt. 3), First Amended Complaint (Dkt. 1-1 at 25–42), and applicable law, the court holds that the motion to dismiss should be GRANTED.

### I. BACKGROUND

Doe, a student with behavioral and learning disabilities, attended the Energy Institute High School in HISD during the 2017--2018 school year.[1] Dkt. 1-1 at 28. In light of Doe's disabilities, HISD agreed to provide Doe with certain accommodations under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et seq.* ("Section 504"). *Id.* at 29. Doe alleges that Defendants "grew tired

---

[1] At the motion to dismiss stage, the court takes all facts alleged in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

of trying to accommodate [his] special needs," so they "conspired together to abuse and constructively expel [him]." *Id.* at 25–26.

To accomplish this conspiracy, Doe alleges that: (i) school educators and administrators bullied him; (ii) the administration tolerated bullying of him performed by school educators, school administrators, and students; (iii) Defendants subjected him to "numerous, unfounded discipline actions," "improper suspension," and removed him "from an engineering class because Doe 's teacher needed a break"; (iv) Defendants made "false allegations that [he] spit on another student"; and (v) Defendants "directed the illegal and harmful handcuffing of [him]". *Id.* at 29–30. He further alleges that his parents finally "remove[d] [him] from the Defendants' care" in order "[t]o insure [sic] [his] physical safety." *Id.* at 31. Doe did not return to HISD during the 2017–2018 school year. *Id.* at 29.

Doe brings three substantive claims, asserting that by conspiring to abuse and constructively expel him, Defendants: (i) violated Section 504 of the Rehabilitation Act; (ii) violated Title IX of the Civil Rights Act of 1964; and (iii) violated 42 U.S.C. § 1983. *See* Dkt. 1 at 25--31.

Defendants now move to dismiss all of Doe's claims. Dkt. 3. Defendants argue that Doe's claims should be dismissed under Federal Rule of Civil procedure 12(b)(1) because Doe allegedly entered into a settlement agreement on February 7, 2019 where Doe settled all claims connected with his special education. *Id.* at 4. Alternatively, Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6) and 12(c) because Doe has not stated valid claims for relief under Section 504, Title IX, or Section 1983, and because his claim for exemplary damages is legally barred under both Section 504 and Section 1983. *Id.* at 5.

2

## II.  LEGAL STANDARD

### A.    Lack of Subject Matter Jurisdiction

Rule 12(b)(1) allows a party to seek dismissal of an action for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331 (2013).  Federal-question jurisdiction "exists only in those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Willis of Tex., Inc. v. Stevenson*, No. H-09-cv-0404, 2009 WL 7809247, at *4 (S.D. Tex. May 26, 2009) (Ellison, J.).

"In determining whether the court has subject matter jurisdiction, [it] must accept as true the allegations set forth in the complaint."  *Crane v. Johnson*, 783 F.3d 244, 250–51 (5th Cir. 2015).  "A trial court may find that subject matter jurisdiction is lacking based on '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'"  *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).

### B.    Failure to State a Claim

Rule 8(a)(2) requires that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A party against whom claims are asserted may move to dismiss those claims when the nonmovant has failed "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191,

3

205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted). While the allegations need not be overly detailed, a plaintiff's pleading must provide the grounds for his entitlement to relief. *Id.* That "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Evaluating a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Ultimately, the question for a court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff." *NuVasive, Inc. v. Renaissance Surgical Ctr. N., L.P.*, 853 F. Supp. 2d 654, 658 (S.D. Tex. 2012) (Ellison, J.).

### III. ANALYSIS

Defendants move for dismissal under Rule 12(b)(1), Rule 12(b)(6), and Rule 12(c). Dkt. 3. "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Accordingly, the court first considers Defendants' argument that the court lacks subject matter jurisdiction over Doe's claims.

A.       **Lack of Subject Matter Jurisdiction**

Defendants allege that Doe 's claims are barred under 20 U.S.C. § 1415(*l*) because a plaintiff

seeking relief based on a violation of the IDEA is required to exhaust the IDEA remedies before

bringing a right of action.  Dkt. 3 at 6.  Defendants argue that although Doe claims he is bringing

separate Section 504, Title IX, and Section 1983 claims, he is actually seeking relief based on a

violation of the IDEA.  *Id.* at 7.

The IDEA's goal is to provide each child with meaningful access to education by offering

based on her individual needs.  *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 755 (2017).  The IDEA

states that "if a suit brought under [other laws] seek[s] relief that is also available under the IDEA,

the plaintiff must first exhaust the IDEA's administrative procedures."  *Id.* at 748.  If a plaintiff fails

to exhaust his administrative remedies under the IDEA, the court lacks subject matter jurisdiction.

*Clinton v. Dallas Indep. Sch. Dist.*, No. 3:17-CV-2981-S, 2019 WL 1411474, at *3 (N.D. Tex. Mar.

27, 2019).

A suit is found to be under the IDEA when the substance, or gravamen, of the complaint

seeks redress for a school's failure to provide a free appropriate public education ("FAPE"), "even

if not phrased or framed in precisely that way."  *Fry*, 137 S. Ct. at 754–55.  The Supreme Court

suggests asking two hypothetical questions when determining whether a suit seeks relief for the

denial of a FAPE:

> First, could the plaintiff have brought essentially the same claim if the alleged
> conduct had occurred at a public facility that was not a school—say, a public theatre
> or library? And second, *could* an adult at the school- say an employee or
> visitor—have pressed essentially the same grievance?

*Id.* at 756.  If the answer to these questions is "no," "then the complaint probably does concern a

FAPE, even if it does not explicitly say so".  *Id.*  If the complaint is found to concern the denial of

a FAPE, a party may not institute a civil action until they have fully exhausted their administrative remedies under the IDEA or proven that exhaustion would have been futile.  20 U.S.C. § 1415(*l*); *Gardner v. Sch. Bd. Caddo Parish*, 958 F.2d 108, 112 (5th Cir.1992).

### 1.      Section 504 and Title IX

The basis of Doe's Section 504 and Title IX claims is that the school engaged in a conspiracy to abuse Doe with the hope that Doe would leave the school because they were tired of providing him with accommodations. Dkt. 1-1 at 36–37.  Doe alleges that school educators and administrators bullied him, tolerated other students bullying him, disciplined him for various reasons, removed him from class, and falsely alleged that he spit on another student, all in furtherance of this alleged conspiracy.  *Id.* at 29.[2]

Given the allegations, the substance of Doe's allegations concern the denial of FAPE under the *Fry* framework.  First, Doe could not have brought essentially the same claims if the alleged conduct had occurred in a public facility.  "Complaints concerning the general disciplinary practices of a school district have been understood to relate to the way that the district provides education and 'thus necessarily come within the scope of the IDEA.'" *Clinton*, 2019 WL 1411474, at *5 (citing *S.S., ex rel Stutts v. E. Kentucky Univ.*, 307 F. Supp. 2d 853, 857 (E.D. Ky. 2004), *vacated and remanded on other grounds*, 125 F. App'x 644 (6th Cir. 2005)); *see also Garcia v. City of McAllen*, No. 7:13-CV-460, 2013 WL 6589426, at *5 (S.D. Tex. Dec. 16, 2013) (finding that claims relating to a suspension concerned the denial of FAPE and were subject to the exhaustion requirement).  Additionally, claims that school educators bullied him and other students bullied him could not have occurred at another public facility, like a theater.  Second, an adult employee or visitor could not

---

[2] In his complaint, Doe also alleged that he was illegally handcuffed. Dkt. 1-1.  The court interprets that factual allegation to relate to Doe's § 1983 claim.

have pressed the same grievances because Doe's claims depend on his status as a student attending Defendant's school. *See Washington ex rel. J.W. v. Katy Indep. Sch. Dist.*, No. CV H-18-1848, 2019 WL 2368592, at *1 (S.D. Tex. June 5, 2019) (Rosenthal, J.) (holding that an adult visitor at a school could not have been able to bring the same claims when the claims rested on the plaintiff's "student status").[3] Thus, the court holds that Doe's Section 504 and Title IX claims seek relief for the denial of a FAPE.

If the complaint is found to concern the denial of a FAPE, a party may not institute a civil action until they have fully exhausted their administrative remedies under the IDEA or proven that exhaustion would have been futile. 20 U.S.C. § 1415(*l*); *Gardner v. Sch. Bd. Caddo Parish*, 958 F.2d 108, 112 (5th Cir.1992). "Exhaustion requires more than pleading a claim . . . it requires 'findings and decisions' by the administrative body." *Reyes v. Manor Indep. Sch. Dist.*, 850 F.3d 251, 256 (5th Cir. 2017). Here, Doe's first amended complaint states that "[p]ending before the Texas Education Agency is a current proceeding to redress the failures of Defendant HISD with regard to Defendant HISD's failure to comply with the Individuals with Disabilities Education Act."[4] Dkt. 1 at 35. Doe has not alleged, nor is there any evidence, that he has exhausted the administrative remedies under the IDEA or that such exhaustion would have been futile. Thus, the court does not have subject-matter jurisdiction over Doe's Section 504 and Title IX claims.

---

[3] In addition, courts may consider whether the plaintiff has invoked the IDEA's formal procedures as a further sign that the substance of the suit is the denial of FAPE. *Fry*, 137 S. Ct. at 757. Doe stated in his complaint that he had pursued the IDEA's administrative remedies through the Texas Education Agency. Dkt. 1-1 at 35. This serves as further evidence that the substance of Doe's claims relates to his denial of a FAPE.

[4] Defendants allege that the parties entered into a settlement agreement on February 7, 2019 that purportedly settled all claims connected with his special education. Dkt. 3 at 4. However, the court has no evidence of such a settlement.

2.       **Section 1983 claim**

Like Doe's other claims, the basis of Doe's § 1983 claim is also the alleged conspiracy to abuse and constructively expel Doe.  Dkt. 1-1 at 38.  Doe also alleges that he was illegally handcuffed after the school lied about him spitting on another student.  *Id.* at 30.

With the exception of the illegal handcuffing, the court finds that the substance of Doe's claims relate to the denial of a FAPE.  The majority of Doe's allegations relate to his constructive eviction from school and could only have been brought by a student.  Because Doe did not exhaust his remedies, the court does not have subject matter jurisdiction over those claims.

In contrast, Doe's claims relating to the events surrounding his handcuffing could have been brought by a nonstudent and could have been brought outside the school setting.  Administrative exhaustion is not required and the court does have subject matter jurisdiction over that claim.

**B.**      **Failure to State a Claim**

Although the court has subject matter jurisdiction over Doe's § 1983 claim that relates to his allegation that he was illegally handcuffed, that claim fails under 12(b)(6). Section 1983 prohibits "persons" acting under the color of law from depriving another of any "rights, privileges, and immunities secured by the Constitution and laws . . . ."  42 U.S.C. § 1983.  For a plaintiff to state a claim under § 1983, the plaintiff "must first show a violation of the Constitution or of federal law, and then show that the violation was committed by someone acting under color of state law." *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252–53 (5th Cir. 2005).

a.       **Fourth Amendment**

Doe fails to state a claim that his Fourth Amendment rights were violated.  Doe merely alleges that "Defendants literally directed the illegal and harmful handcuffing" of Doe.  Dkt. 1-1.  Doe does not identify the person who handcuffed him, much less show that the handcuffing was

committed by some acting under the color of state law.[5]  Thus, Doe has not stated a § 1983 based

on a Fourth Amendment violation.

### b.      Fourteenth Amendment

Doe alleges his Fourteenth Amendment rights were violated because "Defendants' actions

include substantive and procedural process violations, as well as violations of [Doe's] equal

protection rights."  Dkt. 1-1 at 31.  To state a claim under due process, a plaintiff must "first identify

a life, liberty, or property interest protected by the Fourteenth Amendment and then identify a state

action that resulted in a deprivation of that interest."  *Blackburn v. City of Marshall*, 42 F.3d 925,

935 (5th Cir. 1995).  To state an equal protection claim, a plaintiff must allege that: (1) he received

treatment different from that received by similarly situated individuals" and (2) "the unequal

treatment stemmed from a discriminatory intent."  *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398,

412 (5th Cir. 2015).

Here, Doe has not alleged any factual allegations to support either claim.  First, Doe has not

stated a claim under due process because he has not identified an interested protected by Fourteenth

Amendment and then identified a state action that resulted in a deprivation of that interest.[6]  Second,

---

[5] To the extent Doe is alleging that the district is liable under § 1983, that claim also fails. "[A] municipality cannot be held liable under Section 1983 on a *respondeat superior* theory." *Angel v. La Joya Indep. Sch. Dist.*, 717 F. App'x 372, 377 (5th Cir. 2017) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018 (1978)).  To state a claim for municipal liability under § 1983, a plaintiff must identify (a) a policymaker, (b) an official policy or custom or widespread practice, and (c) a violation of constitutional rights whose "moving force" is the policy or custom. *Id.* at 694; *see also Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001) (same).  Here, Doe has not met his burden.

[6] Even if the court assumes that Doe was denied due process under the Fourteenth Amendment because of his handcuffing, that claim also fails.  Excessive force claims "are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard, rather than under a substantive due process standard." *Duggan v. City of League City, Tex.*, 975 F. Supp. 968, 971 (S.D. Tex. 1997).

Doe has not stated an equal protection claim because he has not alleged that he was treated differently than similarly situated individuals and that the unequal treatment stemmed from discriminatory intent. Thus, the court finds that Doe fails to state a § 1983 claim under the Fourteenth Amendment.

### c.   Title IX and Section 504

Doe also alleges § 1983 claims based on violations of Title IX and Section 504 of the Rehabilitation Act. Doe has not alleged any factual allegations to support a § 1983 claim based on a Title IX violation. Further, as a matter of law, a plaintiff cannot bring a § 1983 claim alleging a Section 504 violation.[7] *Lollar v. Baker*, 196 F.3d 603, 609 ("[B]ecause the Rehabilitation Act by its express terms provides comprehensive enforcement and remedial measures for violations of its provisions, we hold that section 1983 cannot be used as an alternative method for enforcement of those rights."). Thus, Doe has failed to state a claim under Section 1983 related to his harmful and illegal handcuffing.

---

[7] The Fifth Circuit has held that § 1983 claims cannot be premised on Title IX violations. *Lakoski v. James*, 66 F.3d 751, 758 (5th Cir. 1995). However, this holding was limited to plaintiffs seeking money damages for employment discrimination. Because this is not an employment discrimination case, the court assumes that it is possible for a plaintiff to premise a 1983 claim on a Title IX violation. However, Doe fails to allege such a claim.

## IV.  CONCLUSION

Because the court lacks subject-matter jurisdiction over all of Doe's claims except the illegal-handcuffing related claims, Defendants' motion to dismiss is GRANTED as to all non-handcuffing related claims.  Those claims are DISMISSED WITHOUT PREJUDICE.  Because Doe failed to state a § 1983 claim with regard to his illegal handcuffing, that claim is DISMISSED WITHOUT PREJUDICE.  Defendants' request for an oral hearing is DENIED AS MOOT.

Signed at Houston, Texas on July 17, 2019.

_____
Gray H. Miller
Senior United States District Judge